ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. JAMES
RUFF.

[48 South. 184.]

RAILROADS. *Injury to person on track. Contributory negligence. Code* 1906, § 4043. *Unlawful speed of train.*

A pedestrain on a straight railroad track meeting a train, signals
of its approach having been sounded three times within the
range of his hearing, who failed to look ahead until the head-
light of the engine was seen by him reflected on the track and
who thereafter needlessly remained on the ends of the cross-
ties until he was struck by the locomotive, was guilty of con-
tributory negligence as a matter of law, and cannot recover of
the railroad company for his injuries, although the train was
being run at an unlawful speed within the limits of a munici-
pality and failed to slacken its speed as it approached the pedes-
trian.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Ruff, appellee, was plaintiff in the court below; the railroad
company, appellant was defendant there. From a judgment in
plaintiff's favor defendant appealed to the supreme court.

The plaintiff was injured within the corporate limits of the
village of Plantersville in this state by defendant's train run-
ning, according to the testimony, at a rate of speed somewhere
between twenty and forty miles an hour and the speed was not
slackened as the train approached the plaintiff. The other facts
are stated in the opinion of the court.

*W. F. Evans, E. T. Miller* and *J. W. Buchanan,* for appel-
lant.

The court erred in refusing appellant's motion for a peremp-
tory instruction offered at the close of all the evidence. *Rail-
road v. McGowan,* 62 Miss. 682; *Crawley v. Railroad,* 70 Miss.
340; *Jobe v. Railroad,* 71 Miss. 740; *Collins v. Railroad,* 77

Miss. 855; *Railroad v. McLeod,* 78 Miss. 342; *Hackney v. Railroad* (Miss.) 33 South. 723; *Railroad v. Jones* (Miss.) 35 South. 192.

This court has repeatedly held that Code 1906, § 4043, does not deprive the railroad company of its right to invoke the contributory negligence of the injured party as a complete defense. The presumption of the railroad company's liability in cases of this character, arising out of a violation of the law governing the speed of trains through incorporated towns, only exists where there is no evidence offered in the case showing that something other than the excessive speed was the proximate cause of an injury. In the latter respect neither does the case of *Railroad v. Landrum,* 89 Miss. 399, hold otherwise, although it is frequently quoted as so doing.

There is no uncertainty from the record here as to how appellee was injured. There is no occasion for determining the liability or nonliability of appellant from presumptions. Appellant plants itself firmly upon the position that the record shows the proximate cause of appellee's injury to have been his own negligence. If appellant is wrong in that position the judgment of the trial court should be affirmed; if appellant is right in its position the judgment of the trial court should be reversed outright. If appellant is not entitled to a peremptory instruction in this case then it has misunderstood the position of the court announced in the *McGowan case,* above cited, and in all of the later cases treating the same subject.

To say that a man walking along a railroad track, which is itself a warning of danger as held so often, walking along the end of the cross-ties and meeting a train with an electric head light, and seeing it and knowing that it was approaching rapidly can under those conditions base a right to recover for injuries received upon the statement that the injured party was unable to take one step to the side and avoid being struck, is a claim too unreasonable and too absurd to furnish the basis for a verdict of a jury in the injured party's favor.

*J. M. Thomas* and *Anderson & Long,* for appellee.

The plaintiff was injured in the corporate limits of the village of Plantersville.

The train was running from twenty to forty miles an hour, and blew its whistle two or three times about the time it passed the depot. The engine had a bright electric headlight; it was dark and drizzling rain. It was a very difficult matter for one to tell the distance from him of an approaching train, with a bright electric headlight shining in his face; under the conditions existing at the time of the injury, considering the head light and the speed of the train, it was very difficult to tell how far it was from him.

One has no right to walk without authority on a railroad track at a place other than a crossing, but whether his being on the track or not at a crossing is contributory negligence depends on circumstances. One may be guilty of contributory negligence at a place where he has a right to be. The criterion is whether he observes due care, under the circumstances of his situation, whatever it may be to avoid harm from the act complained of. One may technically be a trespasser, and if he uses due care to avoid injury from the wrongful act of another and is injured, he may recover. We refer the court to the following authorities as supporting the action of the court below in refusing a peremptory instruction for the defendant: *Yazoo, etc., R. Co. v. Landrum,* 89 Miss. 399, 42 South. 675; *New Orleans, etc., R. Co. v. Brooks,* 85 Miss. 269, 38 South 40; *Christian v. Illinois, etc., R. Co.,* 71 Miss. 237, 15 South. 71; *Allen v. Yazoo, etc., R. Co.,* 88 Miss. 25, 40 South. 1009; *Roberts v. Yazoo, etc., R. Co.,* 88 Miss. 80, 40 South. 481; *Illinois, etc., R. Co. v. Bethea,* 88 Miss. 119, 40 South. 813; *Cottrell v. Southern R. Co.,* 80 Miss. 610, 32 South. 1; *Hasie v. Alabama, etc., R. Co.,* 78 Miss. 413, 28 South. 941.

WHITFIELD, C. J., delivered the opinion of the court.

On the testimony in this record we think it is clear that a peremptory instruction should have been given for the defend-

ant railroad company. The result of the testimony makes it plain that the unfortunate plaintiff did not look out for the train, but that he simply looked up when he saw the light from the headlight on the track. He was walking on the end of the cross-ties and had nothing on earth to do except step off and be safe. Two men had, just above where he was injured, stepped off in safety. The track was straight for eight miles. The train had whistled for Plantersville, and two or three times afterwards. The case is plainly one of contributory negligence, producing the injury as its proximate cause. It is just one of those rare cases of negligence which a court ought to take from the jury.

*Reversed and remanded.*